UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at FRIANKFORT

Civil Action No. 12-59-HRW

J.C. SUTER, JR.,                                                    PLAINTIFF,

v.                     **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on July 8, 2008, alleging disability beginning on July 22, 2006, due to headaches resulting from head injury (Tr. 177). This application was denied initially and on reconsideration. On September 9,

2010, an administrative video hearing was conducted by Administrative Law Judge Cam Oetter (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, George W. Coleman, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 29, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 28-40). Plaintiff was 36 years old at the time of the hearing decision (Tr. 173). He has a 12th grade education (Tr. 182). His past relevant work experience consists of work as a press operator, construction worker, masonry helper, service station mechanic, maintenance man and forklift operator (Tr. 178).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 30).

The ALJ then determined, at Step 2, that Plaintiff suffers from borderline intellectual functioning, lumbar disc disease and headaches which he found to be "severe" within the meaning of the Regulations (Tr. 30).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 30).

The ALJ further found that Plaintiff perform his past relevant work as a press operator (Tr. 38) and also determined that he has the residual functional capacity ("RFC") to perform light level work, with certain restriction as set forth in the hearing decision (Tr. 32). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the

VE (Tr. 38-39). Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 30, 2012 (Tr. 1-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B.  **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALF did not properly evaluate the medical reports and opinions of Jennifer Wilkes-Deaton and Michael Cecil, Psy.D and (2) the ALJ improperly concluded that Plaintiff did not meet the requirements for Listing 12.02.

C.  **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALF did not properly evaluate the medical reports and opinions of Jennifer Wilkes-Deaton and Michael Cecil, Psy.D.

In November 2008, Ms. Wilke-Deaton, a psychological assocuate, completed an evaluation indicating Plaintiff had marked impairments in his ability to understand, remember, and follow simple instructions, his ability to sustain attention and persistence and moderate limitations in his ability to relate

with others and to adapt or respond to pressures associated with day-to-day stress (Tr. 308-09).

As a psychological associate, Ms. Wilke-Deaton is not an acceptable medical source. Acceptable medical sources, per the Regulations, include licensed physicians, psychologists, optometrists, podiatrists, and speech-language pathologists. 20 C.F.R. §§ 404.1513(a), 416.913(a). Therefore, as a psychological associate, Ms. Wilke-Deaton is not an acceptable medical source and it is well established that only acceptable medical sources can provide medical opinions, establish the existence of a medically determinable impairment, be considered a treating source, or be entitled to controlling weight. Social Security Ruling (SSR) 06-03p. However, t he ALJ may consider opinions from other sources with regard the severity of the impairments and how they affect an individual's ability to function. *Id.* These opinions are to be considered under the same factors used to evaluate medical opinions, such that the ALJ may consider the qualifications of the source, the frequency of treatment, consistency of the opinion with other evidence, how well the source explains the opinion, and other factors when evaluating both medical and non-medical opinions. *Id.* Of course, the ALJ may reject an opinion from a non-medical source if it conflicts with that from an acceptable source.

In this case, the ALJ considered Ms. Wilke-Deaton's evaluation, gave it little evidentiary weight, and explained the reasons underlying his determination (Tr. 35). In rejecting the opinions of Ms. Wilke-Deaton and Mr. Cotton, the ALJ specifically found that (1) Ms. Wilke-Deaton was an "other" sources whose opinions should be considered but not to the same extent as opinions from an acceptable medical source; (2) her findings were disproportionate to the medical evidence; and (3) her opinion was based on Plaintiff's subjective complaints (Tr. 35). Further, her opinion is at odds with the opinions of the state agency physicians. The Court finds no error in this analysis.

Dr. Cecil conducted a consultative neuropsychological examination of Plaintiff on April 16, 2010 (Tr. 422-428). The ALJ discounted his findings as based primarily on Plaintiff's subjective report of his symptoms (Tr. 36). This is an appropriate basis upon which to discount the opinion from a physician. The Court finds no error in this regard.

Plaintiff makes much of the ALJ's comment that Dr. Cecil's opinion was procured not in order to seek treatment but, rather, in an effort to generate evidence for Plaintiff's workers compensation case. This comment is of no moment. There is substantial evidence in support of discounting Dr. Cecil's opinion, to-wit, that it appears to be based on Plaintiff's subjective complaints

rather than hard data. The Court is mindful that the findings of the ALJ are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Alexander v. Apfel*, 2001 WL 966284 (6th Cir. 2001)(*citing Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001)).

Plaintiff's second claim of error is that the ALJ improperly concluded that Plaintiff did not meet the requirements for Listing 12.02.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show

8

an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

Listing 12.02 provides:

> Organic Mental Disorders: Psychological or behavioral abnormalities associated physical examination or
> laboratory tests demonstrate the presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> A. Demonstration of a loss of specific cognitive abilities or affective changes and the medically documented persistence of at least one of the following:

9

1. Disorientation to time and place; or

2. Memory impairment, either short-term (inability to learn new information), intermediate, or long-term (inability to remember information that was known sometime in the past); or

3. Perceptual or thinking disturbances (e.g., hallucinations, delusions); or

4. Change in personality; or

5. Disturbance in mood; or

6. Emotional liability (e.g., explosive temper outbursts, sudden crying, etc.) and impairment in impulse control; or

7. Loss of measured intellectual ability of at least 15 I.Q. points from premorbid levels or overall impairment index clearly within the severely impaired range on neuropsychological testing, e.g., the Luria–Nebraska, Halstead–Reitan, etc.;

AND

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration;

OR

C. Medically documented history of a chronic organic mental disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

1. Repeated episodes of decompensation, each of extended duration;

or

2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. pt. 404, subpt.P, app. 1, § 12.02.

In this case, substantial evidence supports the ALJ's conclusion that Plaintiff's condition fails to meet the criteria of Listing 12.02. With regard to the B criteria, there is no evidence in the record that Plaintiff was restricted in his activities of daily living. Nor does the record support a finding of difficulties in social functioning, difficulties in concentration, persistence, and pace. For example, in April 2007, Plaintiff's treating neurologist Dr. Arar noted that mental Plaintiff had immediate recall of three objects; his calculation ability was intact for five steps of serial seven; and he could perform three-step commands without difficulty (Tr. 290). In addition, the state agency psychologists determined Plaintiff did not have marked limitations in any category of the B criteria (Tr. 324, 371). There is nothing in the record which calls into question these findings.

Nor can Plaintiff satisfy the paragraph C criteria. Both Dr. Stodola and Dr.

Brake determined the record contained no evidence to establish the presence of "C" criteria, as they related to various mental impairments (Tr. 325, 372). Here, the evidence failed to show repeated episodes of decompensation and noted no evidence of a residual disease process resulting in a marginal adjustment to Plaintiff's surroundings, or a history of a highly supportive living arrangement. Thus, the Court finds no error in the ALJ's determination that Plaintiff's impairments do not qualify for presumptive disability pursuant Listing 12.02.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 30th day of September, 2013.



Signed By:
Henry R. Wilhoit, Jr
United States District Judge